# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, a foreign
corporation; AMERICAN HOME
ASSURANCE COMPANY, a foreign
corporation; and NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PA, a foreign corporation,

          Plaintiffs,

v.

ALTERNATIVE INSURANCE SERVICES,
INC., a Michigan Corporation, and JOHN F.
FLAHERTY, an individual,

          Defendants.
_____ /

Civil Case Number: 07-cv-15170

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER: (1) DENYING DEFENDANT'S MOTION TO STAY, AND (2) GRANTING DEMOREST LAW FIRM'S MOTION TO WITHDRAW

Now before the Court is Defendants Alternative Insurance Services, Inc.'s ("AIS") and John Flaherty's ("Flaherty") (collectively "Defendants") Motion to Stay and defense counsel's Motion to Withdraw. (Doc. Nos. 25, 28). The Court held a hearing on these motions on November 19, 2008. In addition to counsel for Defendants and Plaintiffs, Defendant Flaherty was present at the hearing.

## I. BACKGROUND

AIS, a licensed wholesale insurance broker in Michigan, brokered certain insurance policies on Plaintiffs' behalf. (Compl. ¶¶ 8, 10–12). Flaherty serves as the President of AIS and

1

currently owns 100 percent of AIS. (*Id.* ¶ 9). Flahery, however, is not a licensed broker. (Defs.' Mot. to Stay Ex. B).

As part of the AIS's relationship with Plaintiffs, AIS was supposed to service the insurance policies by collecting the premiums and forwarding them onto Plaintiffs, with AIS receiving a commission based upon the premium amount. (Compl. ¶¶ 14). Plaintiffs allege that despite receiving payments from the insureds, Defendants did not remit payment to Plaintiffs for the policies. (*Id.* ¶ 15).

On October 2, 2007, Defendants allegedly informed Plaintiffs that the premiums, which were due and owing to Plaintiffs, had been paid by the named insurers directly to Defendants, but Defendants has misused and misappropriated by Defendants. (*Id.* ¶ 16).

On October 15, 2007, Plaintiffs claim that they informed Defendants that all outstanding premium payments had to be remitted to Plaintiffs on or before 5:00 p.m. on October 19, 2007. (*Id.* ¶ 17). When Defendants failed to remit those payments to Plaintiff, this lawsuit ensued.

On December 5, 2007, Plaintiffs filed a five count complaint against Flaherty and AIS, asserting claims of Action to Pierce the Corporate Veil, Breach of Contract,[1] Breach of Fiduciary Duty, Conversion, Unjust Enrichment/Restitution.

After failing to abide by several of the Court's discover orders, on September 25, 2008, Defendants filed a Motion to Stay Proceedings Related to Action by Commissioner of Michigan Office of Financial and Insurance Regulation. (Doc. No. 25). The motion moves this Court to

---

[1] On April 25, 2008, this Court entered a stipulated Order Granting Plaintiffs' Motion for Judgment on Count II, Breach of Contract, as to Defendant Alternative Insurance Services, Inc., Only Pursuant to Fed. R. Civ. P. 12(c). (Doc. No. 18).

stay any further proceedings until such time that the Commissioner of the Michigan Office of Financial and Insurance Regulation has dismissed the summary suspension against Defendants that was issued on September 19, 2008.

On October 14, 2008, Defendants' Counsel, Demorest Law Firm, filed a Motion to Withdraw as counsel for Defendant, citing a breakdown in communication between itself and its clients and other "good cause" as reasons for why its motion should be granted.

## II. ANALYSIS

### A. Standard of Review

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A party which seeks to stay proceedings "must make out a clear case of hardship or inequity in being required to go foreword, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id*. As a result, the "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). The Sixth Circuit has found the decision to stay "ordinarily rests with the sound discretion of the District Court." *Id*.

### B. Defendants' Motion to Stay

Defendants request that until the Commissioner lifts the September 17, 2008 Order of summary suspension against Defendants, the Court should stay further proceedings in this case. Defendants contend that since the summary suspension effectively suspends the complete

operation of AIS, including transacting business, removing records from the office, and contacting clients, Defendants would be prejudiced in defending their interests in this case.

Defendants have not yet met their burden of showing that there is a pressing need for a stay of these proceedings. Although Defendants are subject to a Summary Suspension in an unrelated but factually similar case, nothing in the Order of Summary Suspension indicates that the Defendants will be unable to properly defend themselves in this case. In fact, the Order of Summary Suspension states that only the "insurance producer licenses and authority" of AIS are summarily suspended. It does not mention anything about prohibitions regarding the examination of AIS's records or the reproduction of those records so that they may be produced to Plaintiffs. Moreover, nothing in the section of the Michigan Insurance Code governing summary suspensions of insurance agents, M.C.L. § 500.1242, indicates that the summary suspension is anything other than a mere suspension of Plaintiff's insurance licenses and its ability to serve as a insurance agent or broker in the State of Michigan.

In addition, Defendants' argument is weakened by their assertions (1) that they have appealed the summary suspension, (2) that their claim will be heard by an Administrative Law Judge ("ALJ") within twenty days of their appeal, and (3) that they will promptly apprise this Court of the ALJ's decision immediately upon receipt. While Michigan law requires that an ALJ hear Defendants' claim within twenty days, Defendants may request a later date for the hearing. *See* MICH. COMP. LAWS § 500.1242(4). If Defendants did appeal the Order of Summary Suspension on or before September 25, 2008—the date in which Defendants filed their Motion to Stay—then the hearing would have had to have been held no later than October 23, 2008. Because the Court has no further information regarding Defendants' appeal, Defendants

4

either did not appeal the summary suspension, requested a later date for the hearing, or failed to inform this Court of the ALJ's decision. Regardless, any of these three scenarios demonstrate further contempt from Defendants for the proceedings in this Court.

### C. Demorest Law Firm's Motion to Withdraw

Demorest Law Firm ("Demorest") moves to withdraw as counsel for Defendants, citing a breakdown in communication between itself and Defendants and for other "good cause,"which includes the nonpayment of outstanding legal fees. Neither Flaherty nor Plaintiffs objected to Demorest's motion. Plaintiffs did, however, request that if the Court were to grant Demorest's motion, it do so without prejudice.

Therefore, the Court grants Demorest's Motion to Withdraw without prejudice. Defendants are ordered to retain new counsel by December 19, 2008. Alternatively, Defendant Flaherty may proceed in *propria persona*, but AIS must be represented by counsel. On December 19, 2008 at 2:30 p.m., Defendants are ordered to appear before the Court with counsel. Failure to appear with counsel may result in further action from this Court.

## III. CONCLUSION

For all these reasons, the Court DENIES Defendants' Motion to Stay and GRANTS defense counsel's Motion to Withdraw. (Dkt. Nos. 25, 28).

**SO ORDERED.**

                                                            s/Paul D. Borman  
                                                           PAUL D. BORMAN  
                                                           UNITED STATES DISTRICT JUDGE

Dated: November 21, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 21, 2008.

                                                      s/Denise Goodine
                                                      Case Manager